UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMPION CORP.,

            Plaintiff,

                    **Hon. Hugh B. Scott**

                    18CV660V

            v.

                    **Order**

AXXA TECH, INC.,

            Defendant.

Before the Court is plaintiff's motion to recover $1,752.00 in its attorneys' fees in seeking contempt sanctions against the defaulting defendant (Docket No. 21) Previously, Judge Lawrence Vilardo had referred pretrial matters to the undersigned (Docket Nos. 10,11) and renewed that referral after deciding plaintiff's motion for contempt sanctions (Docket No. 21, Order of Oct. 7, 2019, at 6). Familiarity with defendant's default and proceedings arising therefrom is presumed.

## BACKGROUND

This is a trademark infringement action alleging that defendant infringed upon plaintiff's trademark for "Ampion" (Docket No. 1, Compl.; see Docket No. 10, Order of May 15, 2019, at 1-3). Defendant failed to appear and plaintiff sought and obtained entry of default (Docket Nos. 7, 8; see Docket No. 10, May 15, Order at 1). Plaintiff then moved for default judgment (Docket No. 9). On May 15, 2019, Judge Vilardo granted default judgment (Docket No. 10). In addition to restraining defendant from infringing upon plaintiff's trademark, Judge Vilardo

ordered defendant to file a report with this Court of their performance, rendering an accounting of profits, and ordered plaintiff to "prove any damages claimed in connection with this matter in a hearing" before this Court (id. at 13-14, 15), while awarding plaintiff attorneys' fees and costs for this action (id. at 11-13, 16).  Judge Vilardo referred to the undersigned to issue a Report and Recommendation on plaintiff's damages from its claims (id. at 14, 15).  Defendant was ordered to account all profits derived from infringing actions (id. at 14) within 30 days after entry of injunction and default judgment (id. at 15), with that accounting to be submitted to this Court (id.).  Plaintiff then was to prove any damages claimed in this action (id.).

This Court then gave defendant until June 17, 2019, to submit its accounting and gave plaintiff until July 23, 2019, to submit its proposed damages (Docket No. 12).  As plaintiff reported (Docket No. 13, Pl. Atty. Aff. ¶ 9), however, defendant did not submit an accounting.  Without this accounting, plaintiff argued that it could not submit a motion as to damages (id., Pl. Memo. at 1).

Plaintiff moved for an Order to show cause as to defendant's contempt in not submitting discovery responses (Docket No. 13).  This Court then held plaintiff's damage motion deadline in abeyance pending resolution of the Order to show cause motion (Docket No. 14).  This Court granted plaintiff's application and a Show Cause hearing was scheduled for October 3, 2019, before Judge Vilardo (Docket No. 15).  That hearing was held, without an appearance by defendant (Docket No. 20), and Judge Vilardo granted plaintiff's motion for contempt (Docket No. 18, Order of Oct. 7, 2019).  Among other relief granted, Judge Vilardo ordered plaintiff to submit its "reasonable attorneys' fees" for moving for contempt within 30 days of the date of that

Order (id. at 5) and "the case was referred back to Judge Scott for further proceedings consistent with the referral order of May 15, 2019, Docket Item 11" (id. at 6).

On November 6, 2019, plaintiff submitted its attorney's fee application (Docket No. 21). There, plaintiff seeks to recover $1,752.00 for 4.8 hours of work by a partner representing plaintiff (id., Pl. Atty. Decl. ¶ 4; see also id., Ex. 1 (invoices issued to plaintiff)). Counsel charges a billing rate of $365 per hour and cites an economic survey of the American Intellectual Property Law Association showing that the rate was slightly less than the national billing average for intellectual property attorneys with similar experience (id. ¶ 6, Ex. 2). The majority of the hours claimed by plaintiff's counsel was spent preparing the order to show cause motion papers (id., Ex. 1).

Given that defendant has defaulted, this Court has not issued a briefing schedule for defendant's response. This Court also notes that, to date, defendant has not filed the required accounting.

## DISCUSSION

One district court found that attorney's fees as a sanction for contempt "should compensate plaintiff for its loss and prevent defendant's continued disobedience," but the fee award there was reduced since the full amount claimed by plaintiff was not required to meet these two goals, Yurman Design, Inc. v. Chaindom Enterps., No. 99 Civ. 9307, 2003 U.S. Dist. LEXIS 15058, at *4 (S.D.N.Y. Aug. 29, 2003). The court found the attorneys' fee claimed was excessive due to the claimed amount of attorney time expended, which the court reduced by deducting from the hours for depositions, id. at *7. In another contempt action involving an intellectual property claim, the court determined the reasonableness of the rate claimed based

3

upon "prevailing market rates in the community, which the court determines by examining the parties' submissions regarding 'the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."'" Dula v. Amereon, Ltd., No. 00 Civ. 8156, 2004 U.S. Dist. LEXIS 13231, at *11 (S.D.N.Y. July 15, 2004) (quoting Wietzman v. Stein, 891 F. Supp. 927, 931 (S.D.N.Y.), reconsideration denied, 908 F. Supp. 187 (S.D.N.Y. 1995), quoting in turn Miele v. New York State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987)); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The court also may "'rely in part on [its] knowledge of private firm hourly rates in the community,'" Dula, supra, 2004 U.S. Dist. LEXIS 13231, at *11 (quoting Weitzman, supra, 891 F. Supp. at 931). All these cases set the recoverable rate based upon reasonable practice within that court's legal community.

Ultimately, "the decision to award fees rests in the court's equitable discretion," Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc., 246 F.3d 142, 147 (2d Cir. 2001); see Weitzman v. Stein, 98 F.3d 717, 720 (2d Cir. 1996); Herbalist & Alchemist, Inc. v. Alurent Prods., No. 16 Civ. 9204, 2018 U.S. Dist. LEXIS 112690, at *4 (S.D.N.Y. July 5, 2018). The Southern District of New York in Herbalist & Alchemist, Inc., accepted the proffered rate of $445 per hour as being within the range of reasonable attorney rates for similarly qualified attorneys in an intellectual property action in New York City, Herbalist & Alchemist, supra, 2018 U.S. Dist. LEXIS 112690, at *7 (citing other Eastern and Southern District Court cases awarding similar or higher rates for intellectual property actions), and accepted as reasonable the rate of another attorney of less than $150 per hour because that rate was "well below the range that courts in this district have found reasonable for comparably senior attorneys," id. at *8-9.

4

Plaintiff's request here is analogous to a discovery request and motion for sanctions under Federal Rule of Civil Procedure 37(a) for failure to comply. Rule 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve the discovery issue without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993). Similarly, whatever counsel charges her client to ultimately recover damages from a

5

defaulting defendant (including discovery of information to enable that recovery) does not make that rate or time reasonable for contempt sanction, e.g., Dula, supra, 2004 U.S. Dist. LEXIS 13231, at *4-11 (civil contempt sanctions for copyright violation).

Ordinarily this Court uses the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988 using lodestar method). This method has not been restricted to discovery sanctions or 42 U.S.C. § 1988 fee applications. The components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.[1] In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

As noted by Judge Vilardo in another case, "the presumptively reasonable rate for attorney's services varies by location," Chowaniec v. E-Z Loan Auto Sales, Inc., No. 16CV360, 2018 U.S. Dist. LEXIS 160238, at *3 (W.D.N.Y. Sept. 19, 2018) (Vilardo, J.). The Second Circuit admonishes that "courts should generally use the hourly rates employed in the district in

---

[1] Another item that could be claimed is the incurred reasonable motion expenses. Plaintiff is not seeking that in this motion.

which the reviewing court sits in calculating the presumptively reasonable fee," Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (emphasis added) (quoting Arbor Hill, supra, 493 F.3d at 120).

Plaintiff has not argued that, because this case is in default or that it involves intellectual property, the method for determining the reasonableness of the attorney's fee should be different. Instead, plaintiff argues that, since her counsel is an intellectual property practitioner the rates charged by that portion of the bar is presumptively reasonable, especially since her attorney is charging below the average for attorneys with similar years of experience (see Docket No. 21, Pl. Atty. Decl. ¶ 6, Ex. 2). With no appearance by the defaulting defendant, plaintiff's assertion would go unchallenged. Therefore, this Court will apply the lodestone method.

As for the hours expended, this Court finds that they are reasonable. Plaintiff's counsel worked for 4.8 hours preparing motion papers and arguing that motion during the hearing (Docket No. 21, Pl. Atty. Decl. Ex. 1). That time is not excessive.

At issue, however, is the hourly rate charged. Plaintiff's counsel has offices in Los Angeles, California, and Southfield, Michigan (where counsel's address of record is) (id. ¶ 2). The hourly rates charged exceed the hourly rate normally charged in this District for attorneys with comparable experience, unlike those deemed reasonable in the Southern or Eastern Districts of New York, but cf. Herbalist & Alchemist, supra, 2018 U.S. Dist. LEXIS 112690, at *7. As did the successful party in Dula, supra, 2004 U.S. Dist. LEXIS 13231, at *12-13, plaintiff here cites to a survey by the American Intellectual Property Law Association of the average hourly rates of intellectual property attorneys nationally to support the fee application here (id. ¶ 6, Ex. 2).

The contempt issue, while arising in a trademark case, did not require specialized trademark expertise to warrant paying the usually higher attorneys' fee rates for intellectual property practitioners. Here, plaintiff sought to compel a defaulting defendant to respond to discovery to eventually prove plaintiff's damages. Defendant failed to respond or appear. There was no substantive argument (for example) about the validity of plaintiff's trademark or other issues that would justify a higher fee rate. This Court is not questioning plaintiff's counsel's expertise or that of the other American Intellectual Property Law Association members who were surveyed for the average billing rates. An ordinary civil litigator could have successfully sought contempt sanctions from this defendant.

Attorney fee cases in this District have slightly more modest fee rates than the national averages for intellectual property practitioners. In rejecting a higher out-of-district rate charged by plaintiff in a trademark dispute, Judge Charles Siragusa held that plaintiff had not rebutted the forum rule presumption and the rates claimed ($250-425 per hour) were deemed excessive, MPC Franchise, LLC v. Tarntino, No. 11CV6310, 2015 U.S. Dist. LEXIS 13232, at *1, 8, 13-16, 19- (W.D.N.Y. Feb. 4, 2015). Judge Siragusa declined to apply a rate higher than the local rate (but below the out-of-district rate) applied by Magistrate Judge Jonathan Feldman in Davis v. Eastman Kodak, 758 F. Supp. 2d 190, 201 (W.D.N.Y. 2010) (Feldman, Mag. J.), MPC Franchise, supra, 2015 U.S. Dist. LEXIS 13232, at *21. Judge Siragusa then gave across the board reductions to the rates claimed by plaintiff's counsel based upon their years of experience, reducing those rates by 20-30%, MPC Franchise, supra, 2015 U.S. Dist. LEXIS 13232, at *22.

In another intellectual property action, Granite Music Corp. v. Center Street Smoke House, Inc., 786 F. Supp. 2d 716, 738-39 & n.3 (W.D.N.Y. 2011) (Report & Recommendation),

8

Magistrate Judge Leslie Foschio found in that the hourly rates of $285-300 per hour for a partner was "in line with recent attorneys [sic] fees awarded by courts in this district." Judge Richard Arcara adopted this recommendation, 786 F. Supp. 2d 716, 721 (W.D.N.Y. 2011).

In Hallmark v. Cohen & Slamowitz, LLP, 378 F. Supp. 3d 222, 230 (W.D.N.Y. 2019), Judge Elizabeth Wolford found that $350-375 per hour were reasonable fees in Fair Debt Collection Practices Act class action. In Chowaniec, Judge Vilardo reduced the fee rate claimed by plaintiff in an action under the Truth in Lending Act, 15 U.S.C. § 1601, where there was an admitted dearth of cases setting the reasonable fee rates under that statute, 2018 U.S. Dist. LEXIS 160238, at *4. There, Judge Vilardo held that plaintiff had not met her burden that $400 per hour for a partner with seven years' experience and $350 per hour for associates with similar experience were reasonable in this District, id. He accepted as reasonable fees in a range of $175-300 per hour, id. at *4-5 (accepting defense's cited cases). Ultimately, Judge Vilardo awarded $300 per hour for the partner with seven years' experience and an associate $250 per hour, id. at *7.

Thus, reviewing acceptable attorney fee rates in this District in recent cases and particularly in intellectual property cases, the acceptable rate has been in the $285-300 range, Granite Music Corp., supra, 786 F. Supp. 2d at 738-39; see also MPC Franchise, supra, 2015 U.S. Dist. LEXIS 13232. As in MPC Franchise, 2015 U.S. Dist. LEXIS 13232, at *21-22, plaintiff has not rebutted the forum rule presumption to justify application of national average fee rates. Again, the issue here before Judge Vilardo was contempt not trademark law; plaintiff's counsel's specialized knowledge in intellectual property law was not required to prosecute a default judgment under Federal Rule of Civil Procedure 55(b). Thus, plaintiff's claimed rates

9

rise or fall "on whether those rates are comparable to those being charged within this district," id., at *21-22.

Applying this Court's discretion and applying the high end of the accepted reasonable range of $300 per hour in this District, for the 4.8 hours expended by plaintiff's counsel, plaintiff thus recovers **$1,440.00** rather than the $1,752.00 claimed.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 21) to recover its attorney's fees is **granted in part**. Plaintiff shall recover from defendant for plaintiff's attorney's fees only **$1,440.00**.

A copy of this Order was sent to defendant at its address of record by Chambers of the undersigned.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      November 26, 2019