UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMPION CORP.,

                              Plaintiff,

                                                                             **Hon. Hugh B. Scott**

                                                                               **18CV660V**

                  v.

                                                                               **Report**
                                                                                **&**
                                                             **Recommendation**

AXXA TECH, INC.,

                              Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) for findings damages (Docket No. 11; see also Docket No. 18, Order of Oct. 7, 2019, at 6). Before the Court is plaintiff's application (see Docket No. 24; see also Docket No. 10, Order of May 15, 2019) to recover damages from defaulting defendant. After referral (Docket No. 11), this Court ordered defendant to submit its accounting by June 17, 2019, and plaintiff to submit its application (including proof of damages and lost profits) by July 23, 2019 (Docket No. 12). Defendant failed to submit an accounting. Plaintiff then filed a Motion for an Order to Show Cause why Defendant should not be held in contempt (Docket No. 13). With this motion being filed, this Court held the deadline for plaintiff to file its damages application in abeyance pending resolution of defendant's contempt (Docket No. 14). After argument on October 3, 2019 (Docket No. 15; see also Docket Nos. 17, 20), Judge Vilardo granted plaintiff's motion for an Order to Show Cause, imposing a sanction of $100 per day for each day defendant failed to

produce discovery and an accounting and allowed plaintiff to recover its motion attorneys' fees (Docket No. 18). This Court then gave plaintiff until December 2, 2019, to file an application for its overall damages (Docket No. 19). This Court later found that plaintiff was entitled to award of its attorneys' fees for that motion (Docket No. 22; see Docket No. 21).

On December 2, 2019, plaintiff reported that defendant still had not provided an accounting or discovery to enable plaintiff to make a record of its Lanham Act damages (Docket No. 24, at 1). Plaintiff sought leave to supplement its response should defendant provide an accounting (id.). Plaintiff separately presented its attorney's fees (Docket No. 9, Pl. Atty. Decl. at 3; Docket No. 10, Order of May 15, 2019, at 13, 16).

With plaintiff's application (id.), there is little for the defaulting defendant to respond to. Thus, the application (such as it is) is deemed submitted without further response or argument.

## BACKGROUND

This is a trademark infringement action[1] (Docket No. 1, Compl.), alleging that defendant infringed upon plaintiff's trademark for "Ampion" (see Docket No. 10, Order at 1-3). Defendant failed to appear and their time to do so expired (see id. at 1). Plaintiff sought entry of default by the Clerk of Court (Docket No. 7), which was granted (Docket No. 8). Plaintiff then moved for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2) (Docket No. 9). On May 15, 2019, Judge Lawrence Vilardo granted plaintiff a default judgment against defendant (Docket No. 10). In addition to restraining defendant from infringing upon plaintiff's trademark,

---

[1] Violation of Lanham Act § 32, 15 U.S.C. § 1114; unfair competition under the Lanham Act § 43, 15 U.S.C. § 1125; trademark infringement under federal common law, Docket No. 1, Compl.; see Docket No. 10, Order at 1, trademark infringement under New York common law; unfair competition also under New York common law, Docket No. 1, Compl.

2

Judge Vilardo ordered defendant to file a report with this Court of their performance, and render an accounting of profits (which defendant has not done, see also, e.g., Docket No. 24, Pl. Statement at 1), and ordered plaintiff to "prove any damages claimed in connection with this matter in a hearing" before this Court (Docket No. 10, Order at 13-14, 15). Judge Vilardo awarded plaintiff $15,837.68 in attorney's fees and costs (id. at 11-13, 16).

In November 2016, plaintiff learned defendant used its mark, and on November 21, 2016, plaintiff wrote a cease and desist letter to defendant and sent follow up letters that were not responded to by defendant (Docket No. 1, Compl. ¶ 12, Exs. B, C). On January 17, 2017, defendant wrote to plaintiff agreeing to mitigate plaintiff's concerns (id. ¶ 13, Ex. D). Defendant merely changed one letter in the name (id. ¶ 14) but continued to use a nearly identical mark (id. ¶ 15). Plaintiff claims Lanham Act damages, including all of defendant's profits from the alleged wrongful conduct (id. ¶ 21), damages from intentional counterfeit designation under 15 U.S.C. § 1116(b) (id. ¶ 22). Alternatively, plaintiff seeks statutory damages for $1,000-$200,000 per counterfeit mark or willful use of a counterfeit of $2,000,000 per counterfeit mark, 15 U.S.C. § 1117(c) (id. ¶ 23; see Docket No. 10, Order at 13 n.5). For the unfair competition claim under Section 43 of the Lanham Act, plaintiff claims that it suffered irreparable harm to its trademarks, business, goodwill, reputation, and profits, but contends that monetary damages alone cannot fully compensate plaintiff for these losses (Docket No. 1, Compl. ¶¶ 32-33). Plaintiff seeks injunctive relief for the common law trademark infringement because an award of monetary damages alone cannot fully compensate it (id. ¶ 39). In its prayer for relief, plaintiff seeks costs and attorney's fees (id. at 12, Prayer for Relief paras. J., K.); the greater of its damages trebled or defendant's profits trebled; award of plaintiff's "damages arising out of

Defendant's acts" (id. at 12, Prayer for Relief para. L.); interest (id. at 12, Prayer for Relief para. N.); an audit or inspection of defendant's books or an accounting of all sales and profits realized by defendant (id. at 11, 12, Prayer for Relief paras. I., M.).

Plaintiff states its inability to state its claim of lost profits and other damages (Docket No. 24, Pl. Statement at 1).

## DISCUSSION

I.  Applicable Standards

Damages for trademark infringement and unfair competition are trebled by statute, 15 U.S.C. § 1117 (Docket No. 10, Order at 13-14; Docket No. 1, Compl. at ¶¶ 21-23, at page 12, Prayer for Relief paras. L., N.), including defendant's profits, plaintiff's damages, and costs of the action, id.  A plaintiff who establishes a violation of rights in a mark may recover the defendants' profits, damages sustained by plaintiff, and costs of the action, id. (Docket No. 17, Order at 13).  Judge Vilardo noted that there was no information as to the damages plaintiff incurred due to defendants' infringement, thus, this case was referred for this Court to receive plaintiff's proof of its damages (id. at 14).

The default judgment Order found defendant's liability under the Lanham Act and common law claim, and the latter "would not add much, if anything" (Docket No. 10, Order of May 15, 2019, at 8-9, 2019 U.S. Dist. LEXIS 82209, at *9), see also Int'l Order of Job's Daughters v. Lindeburg and Co., 633 F.2d 912, 916 (9th Cir. 1980) (choice of federal or state substantive law for trademark infringement "has no impact on the outcome").  The Ninth Circuit then noted that there are "distinct federal and state rights" in these infringement claims, treating plaintiff's hybrid federal-state trademark infringement claim an invocation of federal rights

4

under 15 U.S.C. § 1125 and the district court had federal subject matter jurisdiction, 633 F.2d at 916-17; see also Ameritech, Inc v. American Info. Techs. Corp., 811 F.2d 960, 963 (6th Cir. 1987) ("The substantive overlap of state and federal trademark law, however, often obscures the necessity of determining whether state or federal law applies."); TMT N. Am., Inc v. Magic Touch GmbH, 124 F.3d 876, 881 (7th Cir. 1997) (federal and state laws regarding trademarks are substantially congruent). There is no preemption of state remedies for trademark and unfair competition, Scan-Plast Indus., Inc. v. Scanimport Am., Inc., 652 F. Supp. 1156, 1165 (E.D.N.Y. 1986); Hamilton v. Hertz Corp., 607 F. Supp. 1371, 1374 (S.D.N.Y. 1985).

The Judge did not expressly refer consideration of damages for the state common law trademark infringement claims. Given the finding that the state common law claims do not add to the Lanham Act claim, this Court will consider the state claims and render a recommendation as to plaintiff's damages (if any) for the state claims.

II.     Application

   A.     Plaintiff's Damages

Given defendant's default (both in appearing generally and in providing an accounting of their profits), plaintiff concludes that it is unable to state its damages (including any lost profits due to defendant's infringement (Docket No. 24). As one commentator has noted, "if the defaulting party does not participate in the damages determination, the district court may award damages based on the submissions of the claimant and other information in the record," 10 Moore's Federal Practice--Civil, § 55.32[f] (2019). This Court may not accept plaintiff's word about its damages and has a duty "to ensure that there is a basis for the damages in the fact

5

pleaded by the claimant," 10 Moore's Federal Practice, supra, § 55.32.  Thus, plaintiff was to make whatever record it could of its damages from defendant (see Docket No. 19).

As for plaintiff's Lanham Act Trademark Infringement claim, damages would come from defendant's profits or statutory damages per counterfeit mark, $1,000 to $200,000 per mark. Plaintiff has not presented defendant's profits (since defendant has not presented them or an accounting) and has not stated the number of marks counterfeited by defendant to claim the statutory damages.  Plaintiff also does not argue the value of these counterfeit marks to state where on the range of $1,000 to $200,000 per mark its damages lie.

Plaintiff's Trademark Infringement, as well as its Lanham Act Unfair Competition claim, thus is **speculative**.  Any amount of damages awarded would be pure guesswork by this Court.

Plaintiff also alleges a state common law trademark infringement claim.  Judge Vilardo held that this state common law claim does not add much, if anything, to plaintiff's Lanham Act claim (Docket No. 10, Order at 8-9).  One court has disregarded a plaintiff's state law trademark infringement claims when they argued exclusively federal trademark infringement, Avent Am., Inc. v. Playtex Prods., Inc., No. 98 C 2663, 1999 U.S. Dist. LEXIS 1571, at *17 n.8 (N.D. Ill. Feb. 10, 1999) (Keys, Mag. J.).  Plaintiff also has not asserted proof of damages from defendant for the state law claim.

Therefore, this Court **also cannot determine plaintiff's damages from defendant's trademark infringement**.

B.     Accounting

Plaintiff also seeks an audit of defendant's books to determine the scope of defendant's past use of plaintiff's intellectual property and defendant's compliance with this Court's Order

6

(Docket No. 10, Order at 14 n.6; Docket No. 1, Compl. at 11, Prayer for Relief para. I.). Judge Vilardo had ordered such an accounting (Docket No. 10, Order at 14; see also Docket No. 18, Order).

## CONCLUSION

Based upon the above, it is found that this Court **cannot determine** plaintiff's damages from this action (see Docket No. 24).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

7

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 11, 2019