UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMPION CORP.,

        Plaintiff,

  v.                                                   18-CV-660
                                                         DECISION & ORDER

AXXA TECH, INC.,

        Defendant.

---

On June 8, 2018, the plaintiff, Ampion Corp. ("Ampion"), commenced this action for trademark infringement. Docket Item 1. On May 15, 2019, this Court granted default judgment to Ampion, finding that the defendant, AXXA Tech, Inc. ("Axxa"), had willfully infringed Ampion's trademarks. Docket Item 10. The judgment granted Ampion a permanent injunction, an award of its attorneys' fees and costs, and damages. *Id.* But the Court did not have enough "information upon which to base an award of damages," and found that it could not "determine the damage award to include in a judgment." *Id.* at 14. Therefore, the Court referred the matter to United States Magistrate Judge Hugh B. Scott "to issue a report and recommendation to this Court on the amount of damages." *Id.* The Court further ordered Axxa "to account for all profits derived from actions that infringed the Ampion Marks and to render an accounting before Judge Scott." *Id.*

On May 16, 2019, Judge Scott ordered Axxa to provide its accounting to Ampion and to the Court by June 17, 2019. Docket Item 12. Axxa failed to comply with Judge Scott's May 16 order.

On July 23, 2019, Ampion moved for an order to show cause why Axxa should not be held in civil contempt for failing to provide the accounting required by Judge Scott's May 16 order.  Docket Item 13.  Judge Scott granted Ampion's motion to show cause and scheduled a hearing before this Court, which was held on October 3, 2019.  Docket Item 15.  Axxa once again failed to appear or respond in any way.  *See* Docket Item 17.

On October 7, 2019, this Court found Axxa in civil contempt, imposed a $100 per day coercive fine, and granted Ampion reasonable attorneys' fees incurred in moving for contempt.  Docket Item 18.  This Court then referred this case back to Judge Scott to determine damages consistent with this Court's May 15, 2019 referral order.  *Id.* at 6.

On December 2, 2019, Ampion submitted a statement indicating that it was unable to calculate damages in the absence of Axxa's accounting.  Docket Item 24.  On December 11, 2019, Judge Scott issued a Report and Recommendation ("R&R") finding that the Court could not determine damages on the record before it.  Docket Item 25.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's R&R as well as Ampion's submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation that there is insufficient information to determine damages.

For the reasons stated above and in the R&R, the Court finds that it cannot determine—and therefore cannot award—damages.  No later than July 17, 2020, Ampion shall advise the Court whether this matter may now be closed and of its position regarding the collection of the sanctions that this Court imposed and that continue to run.

SO ORDERED.

Dated:   June 22, 2020
         Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE